## HENRY N. GARDNER vs. JOHN M. WAY.

The introduction of the plaintiff's book of original entries and ledger, with his suppletory oath, in support of an action for goods sold and delivered, does not authorize the defendant to prove that the plaintiff, some years ago, made dishonest charges in other books of original entry against other parties whose accounts appeared in the same ledger.

A certificate of discharge, obtained upon second proceedings in insolvency, is no bar to an action upon a debt which might have been proved under the first proceedings, and was not proved under the second proceedings; unless it was discharged under the first proceedings, and renewed by a subsequent promise.

ACTION OF CONTRACT for goods sold and delivered. Trial and verdict for the plaintiff in the superior court of Suffolk, at January term 1856, before *Abbott*, J., who signed this bill of exceptions :

" The plaintiff offered in support of his case his book of original entries, and the ledger in which said entries had been transferred, with his suppletory oath.

" The defendant offered to prove that, in a controversy which arose six years ago between the plaintiff and certain persons whose accounts appeared in the same ledger, and in which controversy said ledger was offered in evidence by the plaintiff with his suppletory oath, that at that time, and on the examination of that case before an auditor (which auditor was now offered as a witness, and his report as testimony) the plaintiff admitted that for several months previous to said charges then in controversy, he had kept two books of original entries, each containing the same dates and items of charge, but with different amounts But this was some years before the time covered by the book of original entries introduced in this cause.

" The defendant contended that as the character of the plaintiff's books was put into the case now at bar by the plaintiff, the above testimony was competent to invalidate their character.

" But the presiding judge refused to admit the testimony, ruling that the testimony proposed, relating to a time some years previous to the time when the first charge was made on the book of original entries here introduced, had no legal tendency to prove that the plaintiff kept two books of original

entries during the time covered by the charges in the book of original entries offered in evidence in the case."

*J. C. Park & B. F. Butler*, for the defendant. At the time of the trial, the plaintiff could not have been a witness in chief, as he could now; but could only make suppletory oath to his books. The ledger was in the case. *Prince* v. *Swett*, 2 Mass. 569. There might be many consecutive books to one ledger. It was a part of the same set of books, that the testimony offered tended to impeach. Any act of the party, relevant to the question on trial, is admissible in evidence against him; and any state of things or habit once shown is presumed to continue. Whether books are competent evidence is for the court; but their credibility is a question to be submitted to the jury, and a very important one. *Vosburgh* v. *Thayer*, 12 Johns. 462. *Cogswell* v. *Dolliver*, 2 Mass. 221. *Prince* v. *Smith*, 4 Mass. 457. Plym. Col. Law of 1682, (ed. of 1836,) p. 196.

*H. F. Durant*, for the plaintiff.

MERRICK, J. The evidence offered by the defendant on the trial, which was rejected by the presiding judge, was clearly inadmissible. No reference has been made to any authority having any tendency to show its competency. It had relation exclusively to a period of time and to a series of transactions remote and different from those which were the subject of investigation and controversy in the present suit. The books produced in evidence by the plaintiff were open and exposed to any scrutiny to which the adverse party might think fit to subject them; but this gave him no right, for the purpose of disparaging the proof thus adduced, to show that in other books kept by the plaintiff charges against other parties had been unfairly or dishonestly entered. Certainly no greater latitude is to be allowed in the introduction of evidence concerning independent and collateral facts, in order to weaken or invalidate the force of evidence derived from a book of original entries, than would be permitted in reference to the testimony of the party by whom the entries were made, if he were himself a witness upon the trial. And nothing is more clear than that the character of a witness for truth and veracity is not to be

impeached by proof of any particular act of misconduct imputed to him in relation to some matter wholly disconnected with that to which his testimony relates.

*Exceptions overruled.*

The defendant then moved for leave to plead a certificate of discharge in insolvency; and this motion was argued by the same counsel at March term 1859.

MERRICK, J. After the exceptions to the ruling of the presiding judge, which were taken by the defendant at the trial, had been overruled in this court, he moved for leave to file a new answer to the declaration. The matter of defence, which he thus seeks to interpose to the maintenance of the action, is an alleged discharge from all his debts due on the 9th of February 1856, obtained in due course of proceedings under the several statutes concerning insolvent debtors and the equal distribution of their estates, since the rendition of the verdict in the present action. It was at first contended, in opposition to this motion, that it came too late, and could not, for that reason, be allowed, But now, in view of the decision in the case of *Lewis* v. *Shattuck*, 4 Gray, 572, it is properly conceded that this objection must be given up.

But although it is within the authority of the court to permit a new answer to the declaration to be put in at this stage of the proceedings in the case, the power will be exerted only when it is made to appear with reasonable certainty that the matter of which the defendant then seeks to avail himself has arisen or come to his knowledge since the rendition of the verdict, and will, if satisfactorily proved, constitute a complete and effectual defence against the action.

Upon the hearing of this motion, it was agreed by the parties, that after the commencement of the action, the defendant preferred his petition to the commissioner of insolvency for the county in which he resided, for the benefit of the "act for the relief of insolvent debtors and for the more equal distribution of their effects;" that such proceedings were had thereon, that he afterwards duly obtained a certificate of discharge from all

his debts, which were then provable against his estate, and that
the cause of action set forth in the declaration was a debt due
to the plaintiff, which was thus provable.   After that discharge
had been obtained, this cause proceeded to a trial which resulted
in a verdict for the plaintiff for the amount of the debt which
he claimed to be due to him.   While the exceptions taken to
the ruling of the presiding judge were subsequently pending in
court, the defendant made a second petition to the commis-
sioner of insolvency, for the benefit of the same act for the
relief of insolvent debtors, upon which such proceedings were
duly had, that he obtained a second discharge from all the debts
which he was owing at the time of the first publication of the
notice that a warrant under the statute had issued against him.
The plaintiff did not prove or offer to prove his claim during the
proceedings under either petition.

It was this second discharge obtained by the defendant, which
he moved for leave to file as an answer to the declaration.

The motion must be denied; for, if granted, the defendant
would derive no benefit or advantage from the facts which he
relies upon and proposes to introduce as a defence.   It has been
determined, that if, in the course of proceedings had in pursu-
ance of a first petition for the benefit of the laws relating to
insolvent debtors, the petitioner fails to obtain a discharge from
his debts, he will not be entitled to such discharge, under a
second similar petition, from any debt which was provable
under the former unless it is in fact proved and allowed under
the second.   *Gilbert* v. *Hebard,* 8 Met. 129.   But if he duly ob-
tains his discharge under the first petition, then there is nothing
in relation to any debt which was provable under it, upon which
the proceedings in pursuance of the second can have any effect
or operation.   The debt is in substance extinguished; no obli-
gation for its payment afterwards rests on the debtor.   It may
be revived indeed, and his obligation renewed, by a subsequent
promise of payment; but until it is so renewed, the debt, to all
practical purposes, is as if it never existed.   It is obvious there-
fore, that whether the discharge is in fact obtained by or with-
held from and refused to the defendant under the first petition,

that which is granted to him upon a second has no operation or effect upon a claim which, being legally provable under the former, was neither proved nor allowed under the latter. This is conclusive in relation to the defendant's motion. The discharge which he asks leave now to interpose as an answer to the declaration and a defence to the action, had no effect or operation whatever upon the cause of action set forth in the writ; and the attempt to avail himself of it would therefore be ineffectual and useless.

It was suggested in the argument, that the defendant may perhaps have revived his obligation by a new promise to pay the debt; and therefore that he might find it necessary to resort to the second discharge for his protection and security. Certainly, in the case supposed, it would be so. But he has been quite careful not to assert or to admit that he has bound himself by any promise, subsequent to the date of his first discharge, to pay the debt against which he is making defence. In the absence of any assurance or assertion on this subject, his motion must be disposed of without regard to any such supposed or possible contingency. *Motion disallowed.*